UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAQUAN WHITENER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-00686-JRS-DML |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Daquan Whitener for a writ of habeas corpus challenges a prison disciplinary proceeding identified as CIC 19-09-0192. Dkt. 1. The respondent has responded, dkt. 8, and the petitioner did not reply. For the reasons explained in this Entry, Mr. Whitener's habeas petition must be **denied**.

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B.     The Disciplinary Proceeding**

On September 23, 2019, Officer Yonts charged Mr. Whitener with offense B-247, possession or solicitation of unauthorized personal information in case CIC 19-09- 0192:

> On 9/23/19 I Officer J. Yonts [sic] at approximately 8:30 AM was in the C-Corridor strip out room with Offender Daquan Whitener (27A-2C) DOC #207973 when he began to ask me about my job and where I saw myself in a few years and about how was my home life and asked about how my finances were when I said I'm getting by with honest money he dropped it and when back to his dorm.

Dkt. 8-1 (errors in original).

On September 30, 2019, the screening officer notified Mr. Whitener of the charge and provided him with a copy of the report of conduct and a copy of the notice of disciplinary hearing (screening report). Dkt. 8-2. The screening officer notified Mr. Whitener of his rights and Mr. Whitener pleaded not guilty. *Id.* Mr. Whitener did not request any witnesses or evidence, nor did he waive 24-hour notice of the hearing. *Id.*

On or around October 4, 2019, the disciplinary hearing officer (DHO) postponed Mr. Whitener's hearing at Mr. Whitener's request "to use the law library." Dkt. 8-4. The DHO indicated the hearing would be "on/or about" October 16, 2019. *Id.*

On October 10, 2019, the DHO held the hearing in case CIC 19-09-0192. Dkt. 8-5. Mr. Whitener pleaded not guilty and stated:

> He came in at 6 pm. I was talking to Berry. He came close to me and I told him I was going to work at a brake shop. He said "Hell you can work at DOC after probation." I picked the [sic] up after count. I asked him how much he makes an hour so I could know how much I can make. He said I get by w/ honest money. He never said I couldn't say that.

*Id.*

Offender Berry Jason provided a witness statement answering Mr. Whitener's question about what Mr. Whitener and Officer Yonts talked about: "Officer Yonts was talking to us about

2

getting a job here in prison. Talking about being able to work in prison after you've been released from D.O.C." Dkt. 8-6.

After considering the staff reports and Mr. Whitener's statement, the DHO found Mr. Whitener guilty of offense B-247, possession or solicitation of personal information. Dkt. 8-5. The DHO's reason for the decision is that "Case was postponed at ofd's request for law library. He was screened 9/30/19. He has had ample time to request and receive law library. Conduct report is clear and Ofd. asking questions about Yonts home life is inappropriate and supports a guilty finding." *Id*. The DHO sanctioned Mr. Whitener to a 30-day loss of phone and commissary privileges, a 60-day loss of earned credit time, and a suspended one-step demotion in credit class from case CIC 19-03-0318. *Id.*

Mr. Whitener's appeals to the facility head and to the final reviewing authority for the Indiana Department of Correction (IDOC) were denied. Dkts. 8-7, 8-8.

**C.    Analysis**

Mr. Whitener alleges that his due process rights were violated. His claims are: (1) the DHO failed to consider one of the witnesses he requested; (2) "breach of contract" because the DHO postponed his hearing and then held it earlier than expected; and (3) there is insufficient evidence to support the charge. Dkt. 1.

Mr. Whitener's first claim is that the DHO failed to consider his witness Marshall Snyder. He argues that the screening officer made a mistake and wrote that Mr. Whitener did not want to call any witnesses. Dkt. 1 at 4. Mr. Whitener said he sent in a written request for two witnesses after he was screened but only one was called.

The respondent argues that this claim is barred because Mr. Whitener did not raise it on appeal. Mr. Whitener admits that he did not raise this claim on appeal because he believed his

other claims were stronger. Dkt. 1 at 6. He has not shown cause and prejudice to overcome the procedural default. Even if he had, this claim fails on the merits because he has not shown how he was prejudiced by the alleged denial of that witness. He has not stated what testimony Mr. Snyder would have provided or how it would have aided in his defense. If there is no prejudice, any due process violation results in harmless error. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir. 2011). This claim fails.

For his second claim, Mr. Whitener contends that the DHO erred by not conducting the hearing on or about October 16, 2019, as was noted on the document postponing the hearing. Dkt. 8-4. Although he argues that this was a "breach of contract," there was no legal contract that would apply under these circumstances. Moreover, a petitioner is entitled to have at least 24 hours' notice before a hearing is held on his disciplinary charge. Here, Mr. Whitener was notified of the charge on September 30, 2019. Dkt. 8-2. He did not waive his right to 24 hours' notice, so to comply with due process the hearing could not be held before October 1, 2019. The hearing was conducted on October 10, 2019, after Mr. Whitener was granted a continuance to access the law library. Dkt. 8-4. Because Mr. Whitener was given more than 24 hours to prepare for the hearing, there was no due process violation as to the timing of the hearing.

Mr. Whitener's final claim is that there was not enough evidence to support the charge. He argues that he did not know that asking certain questions was against the rules. He also argues that what he did ask should not have been found to be "personal information." Dkt. 1 at 5.

Offense B-247 prohibits "[p]ossessing or soliciting unauthorized personal information regarding another offender, ex-offender, victim/witness, potential victim, or current or former staff person, including but not limited to personnel files, offender packets, medical or mental health records, photographs, Social Security Numbers, home addresses, financial information, or

4

telephone numbers, except as authorized by a court order or as approved in writing by the Warden…" Dkt. 8-9 at 8. The evidentiary standard for disciplinary habeas claims, some evidence, is very low. "The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted); *see also Ellison,* 820 F.3d at 274 ("a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."); *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016) ("Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'") (quoting *Hill*, 472 U.S. at 455-56)). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Here, Mr. Whitener does not dispute that he asked the officer how much money he makes. Dkt. 8-5. The conduct report also indicated that he asked the officer about his home life. Dkt. 8-1. Even though the officer may not have told Mr. Whitener at the time that he was violating prison rules by asking those questions, that does not excuse the violation. There was sufficient evidence to support the charge. This claim fails.

Mr. Whitener was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Whitener's due process rights.

**D.     Conclusion**

For the above reasons, Mr. Whitener is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:   11/24/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DAQUAN WHITENER
207973
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov